**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Timoteo RODRIGUEZ–TORREZ,**
**Defendant–Appellant.**

No. 04–40398.
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Aug. 17, 2005.

**54**

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, Mark Michael Dowd, U.S. Attorney's Office, Southern District of Texas, Brownsville, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Philip G. Gallagher, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM: *

Timoteo Rodriguez–Torrez appeals his guilty-plea conviction and sentence for being found in the United States, without permission, following his conviction of an aggravated felony and subsequent deportation. *See* 8 U.S.C. § 1326(a), (b).

For the first time on appeal, Rodriguez–Torrez argues that the sentencing provisions in 8 U.S.C. § 1326(b) are unconstitutional. Rodriguez–Torrez acknowledges that his argument is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), but seeks to preserve the issue for review in light of *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). However, *Apprendi* did not overrule *Almendarez–Torres*. *See Apprendi*, 530 U.S. at 489–90, 120 S.Ct. 2348; *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir.2000). This court must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit*, 231 F.3d at 984 (internal quotation marks and citation omitted).

■ Also for the first time on appeal, Rodriguez–Torrez, relying on the possibility that *Almendarez–Torres* will be overruled, as well as on *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), argues that the Federal Sentencing Guidelines are unconstitutional because they permit the enhancement of a sentence based on a defendant's prior convictions. The argument fails because *Almendarez–Torres* has not been overruled and the enhancement of a sentence based on prior convictions does not violate the Sixth Amendment. *United States v. Book-*

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*er,* —— U.S. ——, ——, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005).

Finally, Rodriguez–Torrez argues that the district court erred by sentencing him under the mandatory Sentencing Guidelines scheme held unconstitutional in *Booker.* We review for plain error. *See United States v. Martinez–Lugo,* 411 F.3d 597, 600 (5th Cir. 2005). Rodriguez–Torrez has satisfied the first two prongs of the plain error analysis by showing that the district court committed error that was plain. *See id.* The error is not a structural one, however, and Rodriguez–Torrez has not satisfied the third prong of the plain error analysis by showing that the error affected his substantial rights. *See id.* at 600–01.

For the foregoing reasons, the judgment of the district court is AFFIRMED.